JACOBS et al. v. STEINBRINK et al.

(Supreme Court, Appellate Division, Second Department.　October 2, 1914.)

1. LIFE ESTATES (§ 17*)—RIGHTS OF LIFE TENANT.

Ordinarily a life tenant must bear the expense of repairs and improvements, for, there being no duty upon him to make improvements, he cannot charge the remainderman with their value.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 37, 38, 42; Dec. Dig. § 17.*]

2. LIFE ESTATES (§ 17*)—LIFE TENANTS—RIGHTS OF.

A life tenant may complete improvements begun by the donor and demand compensation therefor from the remainderman.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 37, 38, 42; Dec. Dig. § 17.*]

3. TRUSTS (§ 274*)—RIGHTS OF CESTUI QUE TRUST.

The principal of a trust estate is chargeable with expenses of improvements made necessary by municipal regulations, or where the property was in an unproductive and untenantable condition when it came into the hands of the trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. § 274.*]

Appeal from Special Term, Kings County.

Action by David Jacobs and another against Meier Steinbrink, as substituted trustee of Yetta Jacobs, deceased, and others.　From a judgment for defendants, plaintiffs appeal.　Affirmed.

The opinion of Clark, J., is as follows:

The plaintiffs are the owners of one-quarter and, as cestuis que trust are in receipt of the income of the remaining three-quarters of certain premises in Brooklyn.　They allege by their complaint: "Tenth. That the plaintiffs herein were compelled to and did restore the aforesaid premises to a proper tenantable and usable condition, and expended for that purpose the sum of $2,890. That said sum was expended through no fault of the plaintiffs herein."　In their prayer for relief, they demand judgment against the substituted trustee for $2,890: also that the judgment be declared a lien against the premises; and further that the interests of the infant defendants (remaindermen) be adjudged to be subordinate to the interests of the plaintiffs.

[1] The general rule that the life tenant must bear the expense of repairs and improvements is unquestionable.　There is no duty on him to add any value to the property, and ordinarily, when he does make improvements, he cannot charge against the succeeding owner any portion of their cost or value. Matter of Deckelmann, 84 Hun, 476, 32 N. Y. Supp. 404; Reeves, Real Property, p. 775; Tiffany, Real Property, p. 74.

[2, 3] Equally well recognized are a few exceptions to these general rules. The life tenant may complete improvements begun by the donor and demand compensation therefor.　Tiffany, supra.　The corpus or principal of the trust estate is chargeable with expenses or improvements made necessary by municipal regulations, and where the property was in an unproductive and untenantable condition when it came into the hands of the trustees.　Cyc. vol. 39, p. 337.　See Parsons v. Winslow, 16 Mass. 361.　Clearly the plaintiffs have not brought their action within any of the above exceptions.

The plaintiffs cite only, and apparently rely upon, Stevens v. Melcher, 152 N. Y. 551, 46 N. E. 965, and Matter of Parr, 45 Misc. Rep. 564, 92 N. Y. Supp. 990, affirmed without opinion 113 App. Div. 921, 100 N. Y. Supp. 1133.　The case of Stevens v. Melcher adds another natural and necessary exception to those above stated.　Where the property is so incumbered by liens that the fixed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charges exceed the income, thereby threatening the loss of the corpus of the trust estate, equity may afford relief. In such a case the cestui with a life interest only may be reimbursed for improvements. In Matter of Parr, supra, the real property of the trust estate had been leased, prior to the death of the testator, for the business of cold storage. The tenant under this lease has been permitted by the testator to make structural alterations in the building. Upon the expiration of the lease, the trustees, in the exercise of their discretion, restored the premises to their original condition. Upon the judicial settlement of the trustees' accounts, these expenditures, it was held, should not be charged against the principal of the estate. It is said in the opinion that the repairs were made primarily for the benefit of the person entitled to the income, and were of immediate, and would therefore be continuous, benefit to them. It is remarked that the property did not come to the trustees in an untenantable condition (referring to one of the rules stated above). This decision can hardly be cited in favor of the plaintiffs' contention, even if it be not decisive against them. The special equities which were considered in Stevens v. Melcher, in favor of a cestui que trust who has made improvements, do not exist in favor of the plaintiffs in the case at bar. The complaint is dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Mitchell May, of New York City, for appellants.
Mortimer Brenner, of Brooklyn, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Clark at Special Term.

───────────

(164 App. Div. 30)

MUNNICH et al. v. JAFFE et al.

(Supreme Court, Appellate Division, Second Department. October 2, 1914.)

BILLS AND NOTES (§ 373*) — DEFENSES AGAINST BONA FIDE PURCHASER — FRAUD IN INCEPTION.

One who, induced by misrepresentations as to the character of the instrument, signed a promissory note attached to a contract, which contract stated in legible type that the installment note below was to be detached, is liable to a bona fide holder for value of the note, since, where one of two innocent persons must suffer, the loss must fall on him who reposed the confidence.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 966–970; Dec. Dig. § 373.*]

Appeal from Special Term, Orange County.

Action by Charles L. Munnich and another against Max Jaffe and others. From a judgment in favor of the plaintiff, the defendants appeal. Motion to dismiss appeal denied, and judgment reversed.

See, also, 161 App. Div. 954, 146 N. Y. Supp. 1101.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Otto C. Sommerich, of New York City (Maxwell C. Katz, of New York City, on the brief), for appellants Knauth, Nachod & Kuhne.
Ely Simpson, of New York City, for appellant Howard.
John Bright, of Middletown, for respondents.

───────────